IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**MICHAEL K. TUPPER,**                     3:10-CV-3039-BR

       Plaintiff,

                                               OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

       Defendant.


**PHILLIP W. STUDENBERG**
200 Pine Street
Klamath Falls, OR 97601
(541) 882-1426

       Attorney for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1   -   OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2112

      Attorneys for Defendant


**BROWN, Judge.**

Plaintiff Michael K. Tupper seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which the ALJ denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

Plaintiff filed his applications for DIB on June 19, 2007. Tr. 78-83.[1]  His application was denied initially and on reconsideration.  Tr. 46-52.  An Administrative Law Judge (ALJ)

---

[1] Citations to the official transcript of record filed by the Commissioner on November 18, 2010, are referred to as "Tr."

2   -   OPINION AND ORDER

held a hearing on December 3, 2009.  Tr. 24-45.  At the hearing, Plaintiff was represented by an attorney.  Tr. 24.  Plaintiff and a Vocational Expert (VE) testified at the hearing.  Tr. 24-45.

The ALJ issued an opinion on January 22, 2010, and found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 10-19.  That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 15, 2010.  Tr. 1-3.

## BACKGROUND

Plaintiff was fifty years old at the time of the hearing before the ALJ.  Tr. 28.  Plaintiff did not complete high school but received his G.E.D.  Tr. 28.  He has performed past work as a timber cruiser.  Tr. 42.  Plaintiff alleges a disability onset date of May 31, 2007.  Tr. 78.

Plaintiff alleges disability due to pain in his back, left knee, and right shoulder that limits his ability to sit, to stand, to walk, to lift, to carry, to reach, and to grip objects.  Tr. 30-39.  Plaintiff has been diagnosed with diabetes, gout, left-knee meniscus tear, right-heel spur, arthritis, chronic back pain, and alcoholism.  Tr. 196, 198, 204, 223, 231, 257, 279, 294.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After reviewing the medical

3   -   OPINION AND ORDER

records, the Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 12-17.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

4   -   OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

5  -  OPINION AND ORDER

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis

6   -   OPINION AND ORDER

engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in

7   -   OPINION AND ORDER

substantial gainful activity since his alleged onset date of May 31, 2007.  Tr. 12.

At Step Two, the ALJ found Plaintiff has the severe impairments of "alcoholism, left knee torn medial meniscus and moderate osteoarthritis, and obesity."  Tr. 12.  The ALJ concluded Plaintiff's right-knee impairment, gout, back pain, and depression are not severe impairments.  Tr. 12-13.

At Step Three, the ALJ concluded Plaintiff's physical and mental impairments do not singly or in combination meet or equal a Listed Impairment.  *See* 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to

> perform less than the full range of light work as defined in 20 CFR 404.1567(b).  The claimant needs the option to sit/stand at will.  The claimant is limited to performing tasks no more complex than one to three step tasks due to alcohol use.  The claimant should have no exposure to hazards due to alcohol use.

Tr. 14.

At Step Four, the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 17.

At Step Five, the ALJ concluded Plaintiff has a sufficient RFC to perform jobs that exist in significant numbers in the national economy.  Tr. 24.  Specifically, the ALJ found Plaintiff has the ability to perform jobs that require light work such as basket filler, packing-line worker, and die attacher.  Tr. 18.  Accordingly, the ALJ concluded Plaintiff is not disabled and,

8   -   OPINION AND ORDER

therefore, is not entitled to benefits.  Tr. 24-25.

## DISCUSSION

Plaintiff contends the ALJ erred solely by failing to give the proper weight to the opinion of Nurse Practitioner Melissa Sample, whom Plaintiff asserts was his "treating physician." Specifically, Plaintiff contends the ALJ failed to provide legally sufficient reasons for not giving controlling weight to NP Sample's assessment of Plaintiff's RFC.  *See* Tr. 276-77.

NP Sample concluded Plaintiff, *inter alia*, can lift less than ten pounds occasionally; can stand or walk less than two hours out of an eight-hour workday; can sit about six hours in an eight-hour workday; and cannot reach, handle, finger, or feel. Tr. 276-77.  NP Sample listed only Plaintiff's "right" knee meniscus tear as Plaintiff's diagnosis.  Tr. 277.  NP Sample stated Plaintiff's disability onset was "several months ago" and would last "three months."  Tr. 277.

The ALJ summarized NP Sample's findings and gave her opinion "little weight" on the grounds that (1) she assessed Plaintiff's condition as temporary, (2) she noted only a single diagnosis of "right" knee meniscus tear as the cause for Plaintiff's extensive limitations, and (3) her conclusions were not consistent with the medical evidence as a whole.  Tr. 16.

The Court notes Social Security regulations define

9    -   OPINION AND ORDER

"treating" physician as

> your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

20 C.F.R. § 404.1502.  "Acceptable medical sources" are defined in the regulations as sources who "can provide evidence to establish an impairment," including licensed physicians and licensed or certified psychologists.  20 C.F.R. § 1513(a).  Nurse practitioners are not listed as acceptable medical sources, but are instead listed in the regulations as "other sources."  20 C.F.R. § 1513(d)(1).  *See also Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996)("Acceptable medical sources specifically include licensed physicians and licensed psychologists, but not nurse

10  -   OPINION AND ORDER

practitioners.").

Factors the ALJ should consider when determining the weight to give an opinion from "other" sources such as nurse practitioners include:  the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant; the consistency of the source's opinion with other evidence in the record; the relevance of the source's opinion; the quality of the source's explanation of his opinion; and the source's training and expertise.  SSR 06-03p, at *4.  On the basis of the particular facts, the ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source.  SSR 06-03p, at *5-*6.  The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.

The Court notes it appears on this record that NP Sample evaluated Plaintiff on only one occasion on March 16, 2009, for the purpose of assessing Plaintiff's RFC and not for the purpose of prescribing a course of treatment for Plaintiff's impairments.  Tr. 276-77.  Thus, NP Sample does not appear to have had a treating relationship with Plaintiff sufficient to be considered a "treating physician" under the regulations.  *See*  20 C.F.R. § 404.1502.

In any event, as noted, the ALJ found NP Sample's opinion

11 -   OPINION AND ORDER

was not consistent with other medical evidence in the record. Tr. 16.  The record reflects, for example, that NP Sample found Plaintiff has a torn meniscus in his right knee.  Tr. 277.  The record reflects, however, that Plaintiff has a meniscus tear in his left knee as evidenced by an MRI reviewed by examining orthopedist, Karl R. Knudson, M.D.  Tr. 279.  Dr. Knudson did not find any limitation in Plaintiff's right knee.  Tr. 279. Moreover, the record contains the opinion of examining physician Tatsuro Ogisu, M.D., who completed a comprehensive orthopedic examination of Plaintiff on August 22, 2007, to which the ALJ assigned "significant weight."  Tr. 17, 221-23.  Dr. Ogisu noted Plaintiff's complaints of left-knee pain, but he found Plaintiff had a full range of motion in his left knee with some discomfort at full flexion.  Tr. 223.  Dr. Ogisu concluded on the basis of his examination that Plaintiff can, *inter alia*, reach and sit without limitations and can stand and walk for six hours out of an eight-hour day.  Tr. 223.  Finally, as the ALJ pointed out, the only impairment NP Sample listed was Plaintiff's knee injury, which is not a basis for the reaching and manipulation limitations set out in NP Sample's assessment of Plaintiff's RFC and are contradicted by the findings of Dr. Ogisu.  Tr. 16, 223, 277.

Thus, the record reflects NP Sample did not see Plaintiff frequently, did not treat Plaintiff, and did not adequately

12 -  OPINION AND ORDER

explain her findings.  In addition, her opinions are inconsistent with those of "acceptable medical sources" in the record.

Accordingly, the Court concludes on this record that the ALJ did not err when she did not give controlling weight to NP Sample's assessment of Plaintiff's RFC because the ALJ gave legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 12th day of July, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

13  -   OPINION AND ORDER